IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERMAN JESUS RUBI-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv417-ID |
| | ) | (WO) |
| | ) | |
| ALICE LOWER, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

German Jesus Rubi-Perez ("Rubi-Perez"), an Immigration and Naturalization Service ("INS") detainee confined at the Perry County Correctional Center, initiated this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Arguing that his INS detention is unconstitutional, Rubi-Perez seeks immediate release from that detention.

**DISCUSSION**

In general, a 28 U.S.C. § 2241 petition for habeas corpus relief that challenges the constitutionality of a prisoner's current confinement must be filed in the district court in which a petitioner is incarcerated.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748

---

[1] Rubi-Perez originally filed his petition in the United States District Court for the Southern District of Florida.  On May 14, 2007, that court entered an order transferring his action to this court on the apparent belief that Perry County is located in the Middle District of Alabama.  For the reasons indicated in this Recommendation, this court concludes that the correct venue for Rubi-Perez's petition is the United States District Court for the Southern District of Alabama.

F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Rubi-Perez is currently incarcerated at the Perry County Correctional Center located in Uniontown, Alabama. This correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama for all further proceedings.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 31, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of May, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE